Anna Van Auken, by her next friend, etc., Appellant, v. Christ Wieman, et al., Appellees.

**Parent and child:** CUSTODY OF CHILD: RIGHTS OF PARENT. The arrangement of a parent that an infant child shall live with and be cared for by others for an annual consideration, will not deprive the parent of a right to regain the custody of the child, where such parent is a suitable person to have the care of the child.

*Appeal from Lyon District Court.* — Hon. Wm. R. Hutchinson, Judge.

Thursday, July 13, 1905.

HABEAS CORPUS proceedings instituted in the name and on behalf of Anna Van Auken, a minor child, by E. Van Auken, her father and next friend, to determine the question of her custody. From a judgment in favor of defendants, plaintiff appeals. — *Reversed.*

*Parsons & Riniker,* for appellant.

*W. D. Boies,* for appellees.

BISHOP, J. — Anna Van Auken was born in December, 1896, in Lyon county. Her mother survived the ordeal of childbirth but a few hours. Her father, E. Van Auken, at once arranged with his sister, the defendant Ella Wieman, and her husband and codefendant, Christ Wieman, who lived a quarter of a mile away, to take the infant child to their home for the time being and care for her. Soon after, the further arrangement was made that the child should remain with the Wiemans, and that the father should pay $50 per year as compensation for her keeping. It is agreed that payments in accordance with the agreement have been made regularly. Without doubt the defendants gave the child a good home and all proper care. So, too, it cannot be questioned but that they became and are very much attached to her. As stated, the father lived a quarter of a mile away, and with him his aged parents.. He recognized that the child was better off with her aunt, and so the arrangement continued down until shortly before the commencement of this proceeding, when he remarried. In the meantime the child had been fully informed as to her parentage, and she frequently visited her father and grandparents. So, also, after the remarriage of her father, she came to his home, and was kindly and affectionately treated by her stepmother. When called upon to surrender the further custody of the child, the defendants refused, and this proceeding was instituted.

It is not seriously questioned but that the father is a man of good character, and financially able to give comfortable support to his family. His present wife is a woman of mature years, of good character and disposition, and she says she is anxious to do the best she can for her husband's child. Apparently the child has affection for her father, and she regards her stepmother with as much favor as a child could be expected to bestow upon a comparative stranger. The record makes it appear that the trial court dismissed the petition, and remanded the child to the custody of the defendants, its aunt and her husband, upon the sole ground that her best interests required that she remain in their custody. By the statute, parents are declared to be the natural guardians of the persons of their minor children, and entitled to their care and custody. Code, section 3192. There is no ground upon which the courts can interfere with the right thus recognized, except that of imperative necessity; that is to say, there can be no interference with the natural right of a parent except upon showing of gross misconduct, either wilful or enforced, and in character such as to threaten serious and permanent detriment to the rights and interests of the child. No consideration such as the advantage of wealth, or social status, or even of personal affection, can of itself be sufficient. If the parent is a proper and competent person, and has not waived or forfeited his right, custody must be awarded to him. The subject of custody was treated of generally in the case of *Holmes v. Derrig*, 127 Iowa, —, the opinion by Weaver, J., and filed at the present term. We need not make a further citation of authorities. They are numerous and uniform. We conclude that the court erred in failing to award the custody of the plaintiff child to her father, and the judgment is therefore reversed. The case will be remanded for judgment in harmony with this opinion. — *Reversed.*